**E-FILED**
Tuesday, 27 April, 2010  04:19:55 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER MICHAEL BARKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-1373** |
| | ) | |
| **RICARDO RIOS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### ORDER

This matter is before the Court on Petitioner, Christopher Michael Barker's ("Barker's"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the Petition [#1] is DISMISSED for lack of jurisdiction.

### Factual and Procedural Background

On August 15, 2001, Barker was convicted of stealing a motor vehicle in Missouri state court.  On June 12, 2003, while Barker was out on parole on his state felony conviction, he was arrested by Springfield, Missouri police.  The circumstances involved in his June 12, 2003, arrest also resulted in the federal charges brought against him.  On June 26, 2003, Barker's state parole was revoked and he was returned to the Missouri Department of Corrections.  Barker was then convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being in possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), in the United States District Court for the Western District of Missouri and was sentenced to 77 months' imprisonment on January 6, 2005.  At the time Barker was charged, convicted, and sentenced in his federal case, he was in Missouri custody serving the parole

violation sentence.[1]  When Barker was sentenced to 77 months on his federal conviction, the sentencing judge ordered that "This sentence is to run concurrently to the undischarged term of imprisonment the defendant is subject to pursuant to the judgment in Case No. 30R080100514-01 in Polk County, Missouri, Circuit Court."

On December 29, 2006, Barker was released from Missouri custody into federal custody to serve the remainder of his federal sentence.  Barker is currently confined at the Federal Correctional Institution in Pekin, Illinois, with an anticipated release date of December 4, 2010.  Barker has filed the instant § 2241 Petition in which he argues that he has been improperly denied credit for time served in computing his sentence.  The Government has filed its response, and this Order follows.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his/her confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

Here, Barker argues that he is entitled to credit against his federal sentence for the 18 months and 24 days that he served on his state parole violation sentence prior to the imposition of the federal sentence.  For the reasons set forth below, the Court agrees with the Government

---

[1]Barker was turned over to the United States Marshal's Service pursuant to a writ of habeas corpus *ad prosequendum*.

that Barker's interpretation of his sentence calculation is incorrect and that it lacks jurisdiction to entertain the petition.

Under 18 U.S.C. § 3585(b), a federal prisoner may receive credit for time served in custody prior to sentencing that has not been credited against another sentence, and may also be credited for time spent in non-federal presentence custody that began after the date of the federal offense up to the date that the first served sentence begins to run.  *See* United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (finding that under § 3585(b), the Bureau is prohibited from giving credit for presentence custody when that credit has been applied against another sentence.)  Here, the fourteen days Barker was in custody between his June 12, 2003, arrest and June 26, 2003, parole revocation were credited to his federal sentence, and this is all the credit that is within the authority of the Bureau to give him.  The period June 26, 2003, to January 5, 2005, was time Barker served in Missouri state custody as a result of his state parole violation.  The Bureau is therefore prohibited from crediting it against his federal sentence under § 3585(b).

The sentencing court lacked jurisdiction to order otherwise without invoking the reduction mechanism provided in application note 2 of § 5G1.3 of the U.S. Sentencing Guidelines and 18 U.S.C. § 3584.  *See* Ross, 219 F.3d at 594 (noting that the sentencing court had no authority to order the Bureau to give the defendant credit for time that had already been credited against his state sentence "because that authority rests exclusively with the BOP" and "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence.")  As this provision does not appear to have been invoked by the sentencing court, Barker's argument amounts to nothing more than a backdoor claim that the sentencing court erred in failing to invoke the § 5G1.3 reduction mechanism.  He has therefore failed to demonstrate that he is entitled to the relief requested in his petition, because the relief

he seeks must be pursued through an appropriate motion addressed to the sentencing court pursuant to 28 U.S.C. § 2255.[2]  *See* Easley v. Stepp, 5 F. App'x 541, 543 (7th Cir. 2001).  In fact, Barker has pursued relief in the sentencing court pursuant to 28 U.S.C. § 2255.[3]  He states that he knows this is a matter for the sentencing court, but that this Court has authority to clear up "technical" errors.  The alleged technical errors Barker mentions involve his 77-month federal sentence and the amount of time spent in custody for which he should receive credit.  As the Court has explained above, it does not have jurisdiction to clear up the alleged errors.

### Conclusion

For the foregoing reasons, Barker's § 2241 Petition [#1] is DISMISSED for lack of jurisdiction.  This matter is now TERMINATED.

ENTERED this 27th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[2]Barker makes no attempt to demonstrate that he should be allowed to proceed via the narrow exception established in In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998), which clearly would not apply since he cannot satisfy any of the four criteria set forth in that case for conveying jurisdiction for this type of claim under § 2241.

[3]Barker appears to have filed different versions of the same claim in different forums.  He filed a § 2255 motion in the sentencing court on January 14, 2010, which is currently pending.  *See* United States District Court, Western District of Missouri, Case No. 10-3027.  Interestingly, the Government's Motion to Dismiss Barker's § 2255 motion in the Western District of Missouri states that, "since Barker is actually attacking the execution of his sentence by the [BOP], this issue is properly addressed through a motion pursuant to 28 U.S.C. § 2241."  *See* United States District Court, Western District of Missouri, Case No. 10-3027, Doc. 7, p. 13.  However, Barker raised his argument pursuant to U.S.S.G. § 5G1.3 in his § 2255 motion, he did not do so pursuant to 18 U.S.C. § 3585.  *See* Case No. 10-3027, Doc. 3, p. 5.